IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDALL WAYNE HARRELSON, JR., Plaintiff, v. WALT MERRELL, *et al.*, Defendants. | CASE NO. 2:26-cv-282-BL |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall Wayne Harrelson, Jr., proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 against Defendants Covington County District Attorney Walt Merrell ("DA Merrell"), Alabama Bureau of Pardons and Paroles District Manager John E. Brantley ("DM Brantley"), Probation Officer Senior Becky Nichole Appleyard ("Senior Appleyard"), and Alabama Department of Corrections ("ADOC") Commissioner John Q. Hamm ("Commissioner Hamm") (collectively, "Defendants"). (Doc. 1). He alleges that the Defendants revoked his probation and kept him in prison after his probation had expired. The Defendants filed a Motion to Dismiss. (Doc. 15). On October 9, 2026, the Magistrate Judge recommended that the court grant the motion and dismiss the complaint without an opportunity to amend. (Doc. 24). The Plaintiff filed objections to the recommendation. (Doc. 25).

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

## DISCUSSION

The court has conducted a *de novo* review of each portion of the recommendation to which the Plaintiff objects. As such, the court will adopt the recommendation, with the additional findings and clarifications below.

### I. Claims Against DA Merrell, Senior Appleyard, and DM Brantley

In his fourth objection, the Plaintiff asks the court "to consider the significance of" the Morgan County Circuit Court's April 22, 2024, habeas order, which found

that his "probationary term expired in 2017." (Doc. 25 at 2; Doc. 1-1 at 2). The court considers the habeas order as to absolute immunity and qualified immunity.

**A. DA Merrell's Absolute Immunity**

The court agrees with the Magistrate Judge that DA Merrell is entitled to absolute prosecutorial immunity. (Doc. 24 at 5–7). A prosecutor is immune for his actions "in initiating a prosecution and in presenting the State's case," and for actions that are "intimately associated with the judicial phase of the criminal process." *Mikko v. City of Atlanta, Ga.*, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)); *see Harris v. Goderick*, 608 F. App'x 760, 763 (11th Cir. 2015) (holding that prosecutors in a probation revocation proceeding "were each entitled to prosecutorial immunity for their actions taken in the course of initiating a prosecution"). Here, the Complaint alleges that DA Merrell, "in coordination with PO Appleyard and PO Brantley, initiated the revocation proceedings against Plaintiff." (Doc. 1 at 2–3). As the Magistrate Judge noted, "[f]iling a probation revocation petition and pursuing it before the court are 'actions that are intimately associated with the judicial phase of the criminal process.'" (Doc. 24 at 7) (quoting *Mikko*, 857 F.3d at 1142). The Plaintiff's labeling of DA Merrell's work as "coordination" does not make it investigative or administrative conduct. The habeas order does not change this result. Even if the Plaintiff's probation had expired, as the habeas court later found, DA Merrell's role

in the revocation was still that of an advocate for the State. Moreover, as the Plaintiff acknowledges, "an unlawful outcome alone does not defeat absolute immunity for protected functions." (Doc. 25 at 2–3). Accordingly, DA Merrell is entitled to absolute prosecutorial immunity.

**B. Qualified Immunity**

The Defendants also argued that all of the named Defendants are entitled to qualified immunity. (Doc. 16 at 17–28). As to DA Merrell, qualified immunity is an alternative ground for dismissal.

Senior Appleyard and DM Brantley are state probation officers with the Alabama Bureau of Pardons and Paroles, and DA Merrell is the District Attorney for Alabama's 22nd Judicial Circuit. (Doc. 1 at 2–3; Doc. 16-7 at 1). Each is sued in his or her individual capacity. (Doc. 1 at 1). Preparing and approving delinquency reports is part of a probation officer's duties, and pursuing probation revocation is part of a district attorney's duties. (Doc. 16 at 19–20) (citing Ala. Code §§ 15-22-53, 15-22-54). Here, the Plaintiff does not dispute that these Defendants acted within their discretionary authority. (*See generally* Doc. 22). As such, the burden shifts to the Plaintiff to plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "Unless the government official's act is so obviously wrong, in the light of preexisting law, that

only a plainly incompetent official or one who was knowingly violating the law would have committed the act, the official is entitled to qualified immunity." *Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1328 (11th Cir. 2003).

The Plaintiff's claims rest on his theory that, under Alabama Code § 15-22-54, "felony probation cannot exceed five (5) years," so his probation ended in 2017. (Doc. 1 at 1, 4). However, in November 2021, Alabama law did not clearly support the Plaintiff's theory.[1] Rather than a straight term of probation, the Plaintiff received a split sentence: "a term of TWENTY (20) YEAR imprisonment . . . on Count II," with four years to serve and the remainder suspended on "probation for such remainder." (Doc. 16-4 at 1, 3). That sentence tracked Alabama's split sentence statute, which provided that, for a sentence "greater than 15 years, but not more than 20 years," the court could suspend the remainder and place the defendant "on probation for the period upon the terms as the court deems best." Ala. Code § 15-18-8(a)(1) (as amended by Act No. 2000-759). In 2011, the Alabama Court of Criminal Appeals held that § 15-22-54(a) does not apply to "the Split Sentence Act," which "authorizes sentencing courts to impose probationary periods much longer than three or five years." *Brand v. State*, 93 So. 3d 985, 990 (Ala. Crim. App. 2011). Thus, a reasonable official in 2021 could have concluded that the Plaintiff's

[1] The Circuit Court of Covington County, Alabama, held the revocation hearing on November 30, 2021, and entered its revocation order on December 20, 2021. (Doc. 16-8 at 1–2).

probation ran for the remainder of his sentence, not for five years. Given that reasonable conclusion, it was not clearly unlawful for Senior Appleyard to report the Plaintiff's new arrest and recommend a show-cause hearing, for DM Brantley to approve that report, or for DA Merrell to pursue the revocation. (Doc. 16-7 at 2; Doc. 1 at 2–4). The habeas order does not change this result. That order was entered more than two years after these Defendants acted, so it is not "preexisting law." *Snider*, 344 F.3d at 1328.

The authorities cited by the Plaintiff do not show otherwise. *Cannon* recognizes "[t]he constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993), *modified on reh'g*, 15 F.3d 1022 (11th Cir. 1994); (*see* doc. 22 at 2, 6, 12). However, that right is stated too generally to show that these Defendants should have known that the Plaintiff's probation had ended. *See al-Kidd*, 563 U.S. at 742 (courts may not "define clearly established law at a high level of generality"). Moreover, *Gervin* held that probation officers violate clearly established law by "recklessly making material misstatements or omissions in the probation-revocation petition or at the probation-revocation hearing." *Gervin v. Florence*, 139 F.4th 1236, 1262 (11th Cir. 2025); (*see* doc. 22 at 16–17). However, in *Gervin*, the officers swore that Gervin violated his probation "even though it was clear that he had not." *Gervin*, 139 F.4th at 1243. Here, the only

misstatement the Plaintiff identifies is the premise that he was still on probation, and, as stated above, that premise was not clearly wrong.

Notably, the Plaintiff points to no decision that would have told these Defendants that his probation had expired, and the court is aware of none. Because the Plaintiff has not shown that these Defendants violated clearly established law, DA Merrell, Senior Appleyard, and DM Brantley are entitled to qualified immunity on both counts.

In sum, DA Merrell is entitled to absolute prosecutorial immunity and, in addition, qualified immunity, and Senior Appleyard and DM Brantley are entitled to qualified immunity. Thus, the court need not decide whether Senior Appleyard and DM Brantley are also entitled to quasi-judicial immunity. (Doc. 24 at 7–9). Accordingly, the Plaintiff's fourth objection is due to be overruled.

## II. Claims Against Commissioner Hamm

In his second and third objections, the Plaintiff states that he "does not assert without evidence that Commissioner Hamm personally directed his continued confinement," he "understands that 42 U.S.C. § 1983 does not impose liability merely because an official supervises others," and he "recognizes that an eighteen-day delay, without more, does not automatically establish a constitutional violation or personal liability." (Doc. 25 at 2). He "requests leave to amend to clarify any facts he can support concerning particular officials' knowledge and actions and, if

warranted, to name appropriate individual defendants." (Doc. 25 at 2); *see infra* Section IV. The court agrees with the Magistrate Judge that Commissioner Hamm acted within his discretionary authority, which the Plaintiff does not dispute. (Doc. 24 at 11). Thus, the burden shifts to the Plaintiff to show that Commissioner Hamm violated clearly established law before and after the habeas order.

**A. The Pre-Habeas Order Period**

The court agrees with the Magistrate Judge that the Complaint states no claim against Commissioner Hamm for this period. (Doc. 24 at 13–15). "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, the Complaint alleges that Commissioner Hamm "oversees ADOC's policies and procedures," maintained "an unlawful policy or custom or practice [of] imposing unlawful detentions through failing to check the legality of the sentences of individuals imprisoned at ADOC," and "knew or should have known that [the] Plaintiff's sentence was unlawful and that no legal authority existed for his confinement." (Doc. 1 at 3, 4, 7). However, those are conclusions, not facts.

The Plaintiff also alleges that filing his habeas petition "placed all defendants on notice of his illegal confinement." (Doc. 1 at 4). Notably, however, the Plaintiff

alleges no facts showing that Commissioner Hamm received or knew of the petition. Moreover, the Plaintiff's awareness of "other individuals who have remained on probation beyond their expiration date," (doc. 1 at 4), does not show abuse that is "obvious, flagrant, rampant and of continued duration." *West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Thus, the court finds that Commissioner Hamm is entitled to qualified immunity for this period.

**B. The Post-Habeas Order Period**

The court also agrees with the Magistrate Judge that the Complaint states no claim against Commissioner Hamm for the eighteen days after the habeas order. (Doc. 24 at 16–17). However, the court clarifies that whether a delay in release violates the Constitution depends on what the official knew and did, not on the length of the delay alone. An over-detention claim requires that "the defendant had subjective knowledge of a risk of serious harm, consisting of continued detention when the plaintiff was entitled to be released." *Alcocer v. Mills*, 906 F.3d 944, 953 (11th Cir. 2018); *see Cannon*, 1 F.3d at 1563. Here, as the Magistrate Judge found, the Plaintiff "does not allege that Commissioner Hamm personally received, reviewed, or was notified of the habeas order during this [eighteen-day] window, or that he personally directed the delay." (Doc. 24 at 16). Thus, the court finds that Commissioner Hamm is entitled to qualified immunity for this period as well.

Accordingly, the Plaintiff's second and third objections are due to be overruled to the extent they challenge the dismissal of the claims against Commissioner Hamm as pleaded.

## III. The Fictitious Defendants

In his fifth objection, the Plaintiff concedes that his descriptions of John/Jane Does One through Three "were insufficiently specific," but he objects to dismissal with prejudice. (Doc. 25 at 3).

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, there is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir. 1992)). A description meets the standard when it is "sufficiently clear to allow service of process." *Dean*, 951 F.2d at 1216. In *Richardson*, a description of "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" was "insufficient to identify the defendant among the many guards employed at" the prison. *Richardson*, 598 F.3d at 738.

Here, the Plaintiff describes the fictitious Defendants as "ADOC employees, agents, or officials, who were personally involved in continuing [the] Plaintiff's confinement." (Doc. 1 at 3). That description, however, does not identify any

individual who could be served. Thus, the court agrees with the Magistrate Judge that it does not fall within the exception. (Doc. 24 at 17–18).

However, the court modifies the recommendation of the Magistrate Judge only as to the type of dismissal. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Consistent with that rule, claims against fictitious defendants are dismissed without prejudice. *See Richardson*, 598 F.3d at 736, 738 (affirming dismissal without prejudice of a claim against a fictitious defendant); *Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1114 (M.D. Ala. 2023) (dismissing without prejudice "all unknown Defendants"). Accordingly, the Plaintiff's claims against the fictitious Defendants are due to be dismissed without prejudice, and the Plaintiff's fifth objection is due to be sustained to the extent it challenges dismissal with prejudice.

**IV. Leave to Amend**

In his first objection, the Plaintiff states that he "has never amended his original complaint" and "requests at least one opportunity to cure pleading deficiencies," and he argues that "the futility analysis should separately consider whether he could allege a viable claim against identifiable officials personally involved in receiving, processing, or failing to act on the April 22, 2024[,] release order." (Doc. 25 at 1). "Where a more carefully drafted complaint might state a

claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). However, "a district court need not grant leave to amend when . . . 'a more carefully drafted complaint could not state a claim.'" *Id.*

The court has considered the facts the Plaintiff proposes in his objections, which are not in his Complaint, only to decide whether amendment would be futile. (Doc. 25 at 2).[2] Here, the court finds that amendment would be futile as to DA Merrell, Senior Appleyard, and DM Brantley. The Plaintiff proposes no new facts about them, and additional details about the same conduct would not overcome their immunity. Amendment would also be futile as to Commissioner Hamm for the pre-habeas order period, because the Plaintiff proposes no facts tying Commissioner Hamm to that detention.

As to the post-habeas order period, the Plaintiff proposes to add the following facts:

> Plaintiff can further allege, based on his personal knowledge, that he showed a copy of the court order to prison staff willing to review it. Staff told him the order could not be honored until it came through official channels, and he was told through May 9, 2024[,] that the required paperwork had not been received. Plaintiff understands that

[2] The Eleventh Circuit has held that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Here, the court considers the new facts only because the Plaintiff is *pro se* and has not amended his Complaint before.

> his lawyer, a family friend, and possibly the Morgan County court attempted to transmit the order, but he cannot presently identify every recipient or verify each transmission date. He does not represent that Commissioner Hamm personally received the order, because he does not presently know that to be true.

(Doc. 25 at 2). These facts concern prison staff and identify no communication with Commissioner Hamm, and the court finds that a more carefully drafted Complaint based on these facts could not state a claim against Commissioner Hamm. *See Woldeab*, 885 F.3d at 1291. Nor would amendment cure the description of the fictitious Defendants because the Plaintiff "cannot presently identify every recipient" of the habeas order. (Doc. 25 at 2). However, because those claims are dismissed without prejudice, this ruling does not decide whether the Plaintiff could state a claim against an official he can identify. Accordingly, the court agrees with the Magistrate Judge that the Complaint is due to be dismissed without an opportunity to amend, (doc. 24 at 18), and the Plaintiff's first objection is due to be overruled.

## CONCLUSION

Accordingly, after careful review of the file and upon consideration of the recommendation of the Magistrate Judge, it is hereby **ORDERED** as follows:

1. The court **ADOPTS** the recommendation of the Magistrate Judge, (doc. 24), with the additional findings and clarifications in this Memorandum Opinion and Order, and as modified as to the fictitious Defendants.

2. The Plaintiff's objections, (doc. 25), are **SUSTAINED** as to the dismissal with prejudice of John/Jane Does One through Three and are otherwise **OVERRULED**.
3. The Motion to Dismiss, (doc. 15), is **GRANTED**.
4. All claims against DA Merrell are **DISMISSED with prejudice** on grounds that he is entitled to absolute prosecutorial immunity and, additionally, qualified immunity.
5. All claims against Senior Appleyard and DM Brantley are **DISMISSED with prejudice** on grounds that they are entitled to qualified immunity.
6. All claims against Commissioner Hamm are **DISMISSED with prejudice** on grounds that he is entitled to qualified immunity.
7. All claims against John/Jane Does One through Three are **DISMISSED without prejudice**.
8. The Plaintiff's requests for leave to amend, (*see* docs. 22, 25), are **DENIED**.

A Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 19th day of November, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE